## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 24 2019, 9:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael P. DeArmitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dwayne D. Skinner,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

September 24, 2019

Court of Appeals Case No.
19A-CR-606

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause No.
03D01-1803-F4-1518

**May, Judge.**

[1]     Dwayne D. Skinner appeals following his conviction of Level 5 felony dealing in methamphetamine.[1] Skinner argues he should serve his sentence on probation rather than in prison. We affirm.

# Facts and Procedural History

[2]     In March 2017, police worked with a confidential informant ("CI") to gain information on a person of interest that the police believed was dealing in methamphetamine. The police used the CI to conduct a controlled buy of methamphetamine. At the deal, the CI and the person of interest met with Skinner, who provided the methamphetamine. On March 28, 2018, the State charged Skinner with Level 4 felony dealing in methamphetamine.[2] At the time Skinner was charged, he was on probation for a conviction of Level 6 felony unlawful possession of a syringe.[3] On January 14, 2019, Skinner pled guilty to a lesser charge of Level 5 felony dealing in methamphetamine. As a part of the plea deal, the State agreed to dismiss their petition to revoke Skinner's probation in the possession of a syringe cause. Under the plea agreement, sentencing was left to the trial court's discretion. The trial court sentenced Skinner to five years executed.

---

[1] Ind. Code § 35-48-4-1.1(a) (2017).

[2] Ind. Code § 35-48-4-1.1(c) (2017).

[3] Ind. Code § 16-42-19-18(a)(1) (2015).

# Discussion and Decision

[3]   Skinner argues his sentence is inappropriate in light of his character and the nature of his offense. Our standard of review on this issue is well settled.

> We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

*Couch v. State*, 977 N.E.2d 1013, 1017 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*.

[4]   Skinner does not challenge the length of his sentence. Instead he challenges the trial court's decision to order his sentence to be executed in the Department of

Correction ("DOC"). "The place that a sentence is to be served is an appropriate focus for application of our review and revise authority." *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007). However, it is "quite difficult for a defendant to prevail on a claim that the placement of his or her sentence is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 343 (Ind. Ct. App. 2007). As we explained in *Fonner*:

> As a practical matter, trial courts know the feasibility of alternative placements in particular counties or communities. For example, a trial court is aware of the availability, costs, and entrance requirements of community corrections placements in a specific locale. Additionally, the question under Appellate Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate.

*Id*. at 343-4.

[5] When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). A Level 5 felony is punishable by a fixed term between one and six years, with the advisory sentence being three years. Ind. Code § 35-50-2-6(b) (2014). The trial court sentenced Skinner to five years; thus, he received above the advisory sentence, but below the maximum. The trial court found nothing extraordinary regarding the nature of Skinner's offense. We agree and turn to Skinner's character.

[6]     Skinner believes his character warrants him the opportunity to serve his sentence in a community corrections program or on probation because he no longer uses methamphetamines, he was baptized, and he was willing to be admitted into a substance abuse program while he was awaiting sentencing.[4] Skinner argues the facts of his case are similar to those in *Livingston v. State*, 113 N.E.3d 611, 614 (Ind. 2018), and thus we should follow *Livingston* and order him to serve his sentence somewhere outside the Department of Correction.

[7]     In *Livingston*, the Indiana Supreme Court decided Livingston's aggregate thirty-year sentence for two counts of Class A felony dealing in methamphetamine,[5] and one count each of Class C felony possession of methamphetamine,[6] Class D felony possession of cocaine,[7] and Class D felony possession of two or more chemical agents or precursors with the intent to manufacture a controlled substance[8] was inappropriate in light of the nature of her offense and her character. The Court reduced Livingston's sentence to the statutory minimum and ordered the remainder of her time be served in community corrections. In doing so, the Court acknowledged "unique circumstances" regarding

---

[4] Skinner was denied entrance into the program but entered the Family Recovery Court program with the ultimate goal of rehabilitation and reunification with his daughters. (Appellant's Br. at 13.) The trial court acknowledged Skinner's participation in the Family Recovery Court.

[5] Ind. Code § 35-48-4-1.1(b) (2006).

[6] Ind. Code § 35-48-4-6.1(b)(1) (2006).

[7] Ind. Code § 35-48-4-6(b) (2006).

[8] Ind. Code § 35-48-4-14.5(a) (2013).

Livingston's character. *Id.* The court listed a number of factors that led it to reduce and adjust Livingston's sentence, including: Livingston's commitment to avoiding any criminal activity after her arrest five years prior to the *Livingston* decision, Livingston becoming a productive member of her community, Livingston's work assisting others who suffer with addiction, and the willingness of the Floyd County Community Corrections program to supervise Livingston. *Id.*

[8]     Despite Skinner's professed eagerness to seek sobriety and rehabilitation, Skinner's history demonstrates probation and rehabilitation programs do not work for him. Skinner has an extensive criminal history with multiple charges involving controlled substances dating back to 2003. Skinner has been placed on probation multiple times and has had several petitions to revoke his probation filed against him. Additionally, Skinner has had several opportunities outside of prison to seek rehabilitation but has not been successfully rehabilitated, and Skinner was on probation when he was charged with this current offense. Skinner's character is not remotely similar to Livingston's, and therefore we reject Skinner's assertion that *Livingston* supports finding his placement in the DOC inappropriate.

[9]     Skinner's criminal history and the multiple petitions filed to revoke his probations demonstrate his inability to rehabilitate when placed in less restrictive supervision. Accordingly, we cannot conclude his sentence in the DOC is inappropriate. *See Fonner*, 876 N.E.2d at 344 (placement in the DOC

not inappropriate when prior, less restrictive efforts at rehabilitation have been unsuccessful).

# Conclusion

[10] Skinner has not carried his burden of persuading us that the amount of time ordered executed in the DOC is inappropriate based upon both his character and the nature of the offense he committed. Accordingly, we affirm.

[11] Affirmed.

Najam, J., and Bailey, J., concur.