

FILED

Dec 28 2018, 4:06 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



# IN THE
# Indiana Supreme Court

Supreme Court Case No. 18S-CR-623

## Lisa Livingston,
*Appellant (Defendant below),*

–v–

## State of Indiana,
*Appellee (Plaintiff below).*

---

Decided: December 28, 2018

Appeal from the Orange Circuit Court, No. 59C01-1308-FA-546
The Honorable Steven L. Owen, Judge

On Petition to Transfer from the Indiana Court of Appeals,
No. 18A-CR-716

---

**Per Curiam Opinion**

Chief Justice Rush, and Justices David, Massa, and Goff concur.

Justice Slaughter dissents.

## Per Curiam.

Without a plea agreement, Lisa Livingston pled guilty to multiple drug charges and admitted to being a habitual substance offender. The trial court sentenced Livingston to an aggregate sentence of thirty years to be served in the Indiana Department of Correction. Finding this to be a rare and exceptional case, we grant Livingston's petition to transfer and, pursuant to Appellate Rule 7(B), reduce Livingston's sentence to twenty-three years with the time remaining to be served in community corrections.

In August 2013, police officers received information that Livingston was manufacturing and dealing methamphetamine. Officer Andry was familiar with Livingston and drove to her home. Andry was in the process of securing a search warrant when Livingston arrived. She was cooperative. Police recovered several baggies of methamphetamine totaling 3.35 grams, one baggie of cocaine weighing 1.89 grams,[1] and items known to be used in manufacturing methamphetamine.

Livingston was charged in the Orange Circuit Court with two Class A felony counts of dealing in methamphetamine; one Class C felony count of possession of methamphetamine; and two Class D felony counts, possession of cocaine and possession of two or more chemical reagents or precursors with the intent to manufacture a controlled substance. (Appellant's App. Vol. II, pp. 18-19.) The State also alleged Livingston is a habitual substance offender.

In November 2013, Livingston posted a $75,000 property bond and was released on the condition she reside at Bliss House, a substance abuse recovery home. Over the next four years, Livingston filed ten motions to continue her trial. The State filed no objections (Trans. Pet. p. 9), and the

---

[1] Although the Court of Appeals decision indicates the methamphetamine weighed 5.6 grams and the cocaine weighed 8.9 grams, the Indiana State Police lab report indicates the weights were 3.35 grams and 1.89 grams respectively. (*See* Appellant's App. Vol. II, pp. 133-34.)

court granted each motion. During these four years, Livingston accomplished much.

Livingston lived in Bliss House for one year and then moved to its transitional house for two years. She later served as chairperson of the Bliss House alumni and was on the Bliss House Committee for two years. In 2014, Livingston and her nephew started a roofing business, which provided her with income. In 2017, Livingston used her own money and donations to open BreakAway Home in Floyd County—a home for women recovering from addiction. Livingston has served as the Executive Director and night manager of BreakAway since its inception.

In early 2017, Livingston asked to be placed in a pre-trial detention program, which the court denied. Livingston voluntarily placed herself in a program with Floyd County Community Corrections. She reported in person two times per week and took random drug screens, all of which were negative.

On October 30, 2017, Livingston appeared in court and, without a plea agreement, pled guilty to all charges and admitted to being a habitual substance offender.

On March 12, 2018, the court held Livingston's sentencing hearing. Livingston asked the court to allow her to serve her sentence in community corrections. The State opposed placement in community corrections but indicated that statutes would permit it. (Tr. pp. 24-25, 94.) Andry, now retired after thirty years as a police officer, testified the more he has been around Livingston the more "impressed" and "confident" he is that "what she is doing [with BreakAway] is important work." (Tr. p. 39.) Andry has seen nothing indicating Livingston will not "follow through with what she's started and what she's been doing" if sentenced to serve her time in community corrections. (Tr. p. 42.) "I don't have a crystal ball, but I've never, I guess staked my reputation on anybody before for that, so that's, that's the feeling I have about it[.]" (Tr. pp. 42-43.)

Janeen Niehauss supervised Livingston's voluntary participation in the day reporting program run by Floyd County Community Corrections. At

the time, Livingston was residing in Floyd County at BreakAway home, serving as the night manager. Niehauss, a program manager for day reporting, testified that Livingston had been "completely compliant" for 381 days and met all the requirements for the day reporting program. (Tr. pp. 66-67.) Niehauss further testified that the community corrections program is willing to take and supervise Livingston for the duration of whatever sentence the court imposed. (Tr. p. 75.) Numerous letters written by family, friends, and community members in support of Livingston were also admitted into evidence.

The trial court sentenced Livingston to an aggregate term of thirty years to be served in the Department of Correction. The Court of Appeals affirmed, finding no abuse of discretion in the sentencing decision and declining to revise Livingston's sentence. *Livingston v. State*, No. 18A-CR-716, 2018 WL 4782281 (Ind. Ct. App. Oct. 4, 2018).

The Indiana Constitution, Article 7, Section 4, grants an appellate court the power to revise a sentence in a criminal case. That authority is implemented through Appellate Rule 7(B), which allows an appellate court to revise a sentence it finds "is inappropriate in light of the nature of the offense and the character of the offender." Aside from revising the length of a sentence, the place where a sentence is to be served is also an appropriate focus for our review under 7(B). *See Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007); *Hole v. State*, 851 N.E.2d 302, 304 n.4 (Ind. 2006). The court's role under Rule 7(B) is to "leaven the outliers," *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008), and we reserve our 7(B) authority for exceptional cases. *Taylor v. State*, 86 N.E.3d 157, 165 (Ind. 2017).

We find this to be an exceptional case. The trial court's oral sentencing statement indicates the court thoughtfully considered the mitigating and aggravating circumstances in reaching its sentencing decision. Nevertheless, "[e]ven where a trial court has not abused its discretion in sentencing, the Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decision." *Eckelbarger v. State*, 51 N.E.3d 169, 170 (Ind. 2016). After independent review, we

conclude the sentence imposed in this case is inappropriate in light of Livingston's offenses and character.

Although the offenses for which Livingston was convicted are serious, she fully cooperated with police and pled guilty to all charges without the benefit of a plea agreement. And while Livingston committed the offenses in 2013, effective July 1, 2014, the legislature has instructed courts to construe the criminal code "in accordance with its general purposes, to . . . reduce crime by promoting the use of evidence based best practices for rehabilitation of offenders in a community setting" and "keep dangerous prisoners in prison by avoiding the use of scarce prison space for nonviolent offenders." Ind. Code § 35-32-1-1(5), (6). The evidence shows Livingston has committed no offenses since her arrest in August 2013 and has dedicated her time to becoming a productive member of her community and helping others who suffer from addiction.

Because the crimes for which Livingston pled guilty occurred in 2013, the mandatory minimum sentence she may receive is twenty-three years. *See* I.C. §§ 35-50-2-4 (Supp. 2005), -10 (Supp. 2006). We revise Livingston's sentence to twenty-three years and direct that whatever time remains be served in community corrections. We acknowledge that placing a defendant in community corrections for such a lengthy period is highly unusual. But we believe it to be appropriate in these unique circumstances, which include the willingness of Floyd County Community Corrections to supervise Livingston. If Livingston violates the terms of her community corrections placement, then the trial court may revoke the placement. *See* I.C. § 35-38-2.6-5.

We remand to the trial court to issue a revised sentencing order consistent with this opinion. We summarily affirm the remainder of the Court of Appeals decision. *See* Ind. Appellate Rule 58(A)(2).


Rush, C.J., and David, Massa, and Goff, JJ., concur.
Slaughter, J., dissents, believing that transfer should be denied.

ATTORNEYS FOR APPELLANT
Stacy R. Uliana
Bargersville, Indiana

Jennifer H. Culotta
New Albany, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana