## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 12 2019, 9:08 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Hubert A. Kraemer,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 12, 2019

Court of Appeals Case No.
19A-CR-122

Appeal from the Vigo Superior Court

The Honorable Michael J. Lewis, Judge

Trial Court Cause No.
84D06-1702-F1-564

**Bailey, Judge.**

# Case Summary

Hubert A. Kraemer ("Kraemer") challenges his sentence, following a guilty plea, for his convictions for neglect of a dependent, as a Level 3 felony,[1] and four counts of neglect of a dependent, as Level 6 felonies.[2] The only issue he raises on appeal is whether his sentence is inappropriate in light of the nature of the offenses and his character.

We affirm.

# Facts and Procedural History

Approximately nine years ago, Kraemer and his wife, Robin ("Wife"), adopted C.H. ("Child") when he was three days old. App. Vol. II at 127. Child was blind and had cerebral palsy. Child lived in the family home his whole life. Kraemer's grandson, Chad ("Chad"), Chad's girlfriend, and their two children, Ly.K. and Le.K., also lived in the home.

On February 21, 2017, officers were dispatched to Kraemer's home due to reports that Child was in cardiac arrest. Child was transported to the hospital but died shortly thereafter. After Child had been taken to the hospital, officers spoke to Kraemer, who told them the extent of Child's medical issues. Kraemer stated that Child had been receiving medical treatment previously

---

[1] Ind. Code § 35-46-1-4(b)(2) (2017).

[2] I.C. § 35-46-1-4(a).

from Child's primary-care physician, but, after the physician's divorce, Child had to go to Riley Children's Hospital for treatment. Kraemer stated that he did not know the name of any doctor at Riley who allegedly treated Child. He also told the officers that he had taken Child to his own doctor, Dr. Gopala, within the last week for pneumonia treatment. However, officers also spoke to Wife who said that Child had not been to a doctor in a year, and Dr. Gopala later informed the police that he had never treated Child.

[5] The cause of Child's death was starvation. At nine years old Child weighed just under fifteen pounds. App. Vol. II at 20. Child's "skin appeared to be stretched over [his] bones," and he died with methamphetamine in his system. App. Vol. II at 21. Subsequent testing revealed that the two other children living in Kraemer's home, five-year-old Ly.K. and two-year-old Le.K., had methamphetamine in their systems as well. Police also tested all the adults living in the home, and Kraemer, Wife, Chad, and Chad's girlfriend all tested positive for methamphetamine.

[6] The State charged Kraemer with: one count of neglect of a dependent resulting in death, a Level 1 felony;[3] one count of neglect of a dependent resulting in serious bodily injury, as a Level 3 felony; one count of failure to make a report, as a Class B misdemeanor;[4] four counts of neglect of a dependent, as Level 6

---

[3] I.C. § 35-46-1-4(b)(3).

[4] I.C. § 31-33-22-1(a).

felonies; one count of maintaining a common nuisance, as a Level 6 felony;[5] and one count of visiting a common nuisance, as a Class A misdemeanor.[6] On November 14, 2018, Kraemer entered into a plea agreement with the State whereby he pled guilty to Level 3 felony neglect of a dependent resulting in serious bodily injury and four counts of Level 6 felony neglect of a dependent in exchange for dismissal of the remaining charges and an agreement that the sentences would all run concurrently.

[7] On December 14, 2018, the case proceeded to sentencing. The court found Child's death, which was a more severe injury than was required to prove the Level 3 felony, was an aggravator. The court found Kraemer's health issues and guilty plea were mitigators, but determined that the aggravator of Child's death "substantially outweigh[ed]" any mitigators. Tr. at 21-22. The court sentenced Kraemer to concurrent sentences of one year for each of the Level 6 felony convictions, and to twelve years, with four years suspended, for the Level 3 felony conviction. Thus, Kraemer received an aggregate sentence of twelve years, with four years suspended, for his five felony convictions.

---

[5] I.C. § 35-45-1-5(c).

[6] I.C. § 35-45-1-5(b)(2)(B).

# Discussion and Decision

[8]     Kraemer maintains that his sentence is inappropriate in light of the nature of the offense and his character. Article 7, Sections 4 and 6, of the Indiana Constitution authorize independent appellate review and revision of a trial court's sentencing order. *E.g.*, *Livingston v. State*, 113 N.E.3d 611, 613 (Ind. 2018). This appellate authority is implemented through Indiana Appellate Rule 7(B). *Id*. Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. *See* Ind. Appellate Rule 7(B); *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Baumholser v. State*, 62 N.E.3d 411, 417 (Ind. Ct. App. 2016), *trans. denied*. It is the defendant's burden to "persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). And the defendant "bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence." *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied*.

[9]     Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should

receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[10] We begin by noting that Kraemer's eight-year executed sentence is one year below the advisory sentence for a Level 3 felony, and the advisory sentence "is the starting point the Legislature selected as appropriate for the crime committed." *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014); I.C. § 35-50-2-5(b) (providing the advisory sentence for a Level 3 felony is between three and sixteen years). Moreover, the nature of his offenses were severe and prolonged and resulted in greater injury than necessary to prove the commission of neglect of a dependent as a Level 3 felony; Kraemer starved his nine-year-old child to death, and the child also had methamphetamine in his system. *See Cardwell*, 895 N.E.2d at 1224; I.C. § 35-38-1-7.1(a)(1). Kraemer's crimes were not

accompanied by any show of "restraint" on his part, *Stephenson*, 29 N.E.3d at 122; his victim was very disabled, I.C. § 35-38-1-7.1(a)(7); and the crimes resulted in the death of a child over whom Kraemer had care and control, I.C. § 35-38-1-7.1(a)(8). His sentence is not inappropriate in light of the nature of his offenses.

[11] Nor does Kraemer's character support a sentence revision. He has a criminal history which, although remote, nevertheless reflects poorly on his character. *See Rutherford*, 866 N.E.2d at 874. Moreover, Kraemer lied to the police when he claimed he had taken Child to his own doctor recently; that too reflects poorly on his character. While we acknowledge—as the trial court did—the mitigating factors that Kraemer pled guilty and has his own health problems, we agree with the trial court that those factors are far outweighed by the horrendous fact that Kraemer starved his disabled child to death. Kraemer has failed to carry his burden of persuading us that his sentence is inappropriate.

[12] Affirmed.

Riley, J., and Pyle, J., concur.