# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 24 2020, 10:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ruth Johnson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Melissa Evol,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 24, 2020

Court of Appeals Case No.
19A-CR-1696

Appeal from the Vermillion Circuit Court

The Honorable Robert M. Hall, Senior Judge

Trial Court Cause No.
83C01-1510-F5-22

**Tavitas, Judge.**

## Case Summary

Melissa Evol appeals the trial court's imposition of her previously suspended sentence in the Indiana Department of Correction ("DOC") following the revocation of her probation. We affirm.

## Issue

The sole issue on appeal is whether the trial court abused its discretion when it ordered Evol to serve her previously suspended sentence in the DOC following her probation revocation.

## Facts

On September 7, 2016, Evol pleaded guilty to burglary, a Level 5 felony; theft, a Level 6 felony; and maintaining a common nuisance, a Level 6 felony. Evol received four years in the DOC. On August 28, 2018, Evol petitioned the trial court to modify her sentence; the State did not object to Evol's motion. On November 29, 2018, the trial court granted Evol's petition due to Evol's completion of the purposeful incarceration program. Accordingly, Evol was released from the DOC and was ordered to complete the remainder of her sentence on formal probation.[1]

On April 25, 2019, the State filed a motion to revoke Evol's probation, alleging that Evol tested positive for methamphetamine eight times between February

---

[1] Evol's original release from the DOC was scheduled for December 14, 2019.

15, 2019, and April 18, 2019. On June 5, 2019, the State filed a second motion to revoke Evol's probation, alleging that Evol was charged in Marion County on May 28, 2019, with criminal recklessness with a deadly weapon, a Level 6 felony; resisting law enforcement using a vehicle, a Level 6 felony; resisting law enforcement, a Class A misdemeanor; and possession of paraphernalia, a Class C misdemeanor.

On June 26, 2019, the trial court held a hearing on the petitions. Evol admitted that she tested positive for methamphetamine eight times and that she was using both methamphetamine and amphetamine while on probation. Evol testified at the hearing that she was involved in a car accident one month after she was released from incarceration, put on pain medication, and became addicted to the medication, which "helped [her] to relapse." Tr. Vol. II pp. 10-11. Evol also testified that the methamphetamine was "extremely easy" for her to obtain after her car accident. *Id.* at 11. Evol testified that she was "willing to do anything besides prison or jail." *Id.* At that time, Evol had 558 actual days remaining in her sentence.[2]

The trial court concluded:

> [B]ecause of the opportunities that you've been given, and the
> truth is potentially to protect your own safety because you can't
> control yourself outside, I am going to impose the balance of the
> sentence. I mean you've been given the opportunities here. That

[2] There is some discussion in the record that the calculation of actual days remaining may not include "any time cut the DOC may have awarded" for successful completion of DOC programs. Tr. Vol. II p. 9.

hasn't worked and you are the one who has demonstrated that it will not work from our experience with you and so I am going to impose the balance of your sentence, which I believe would be – let's see – 744 days, which I believe computes to 558 actual days, assuming you don't lose good time credit at the Department of Corrections. And we will make a notation on the abstract that this does not count – consider any credit you may have earned while previously at the Department of Corrections[sic], and so the sentence – balance of the sentence will be ordered served and you will be remanded to the custody of the Sheriff for the execution of the sentence.

*Id.* at 13-14. After Evol made one last plea with the trial court to avoid placement in the DOC, the trial court concluded: "we've tried the purposeful incarceration. You've been through the programs there. We've attempted things on probation and none of it has worked so it will be back to the Department of Corrections." *Id.* at 15-16. Evol now appeals.

## Analysis

[7] Evol argues that the trial court abused its discretion when it ordered Evol to serve her remaining suspended sentence in the DOC following the revocation of her probation. Probation serves as an "alternative[ ] to commitment to the Department of Correction[,]" and is "[granted] at the sole discretion of the trial court." *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999), *reh'g denied*. "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Votra v. State*, 121 N.E.3d 1108, 1112 (Ind. Ct. App. 2019) (quoting *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)).

[8] Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." I.C. § 35-38-2-3(h)(3); *see Knecht v. State*, 85 N.E.3d 829, 840 (Ind. Ct. App. 2017) (finding the trial court did not abuse its discretion in ordering probationer to serve his previously suspended sentence after the trial court revoked the probationer's probation). Our Supreme Court has held that "a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard." *Prewitt*, 878 N.E.2d at 188. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

[9] Evol's specific argument is that the trial court failed to consider Evol's substance abuse disorder when it sentenced her to the DOC, especially in light of the fact that Evol is not a danger to the community.[3] In support of her argument, Evol points to several cases.

[10] First, Evol compares her case to *Ripps v. State,* 968 N.E.2d 323 (Ind. Ct. App. 2012), where a panel of this Court found an abuse of discretion in revoking the defendant's probation. The defendant in *Ripps* was convicted of child

---

[3] Other than the Indiana cases discussed in our decision, Evol also points to the following to support her statement: (1) the best practices and recommendations made by Indiana's experts at Indiana's Annual Opioid Summits; (2) the Indiana Attorney General suing drug manufacturers and distributors for harming Indiana communities; (3) Indiana's judicial branch has a website dedicated to educating the public regarding opioid use disorder; and (4) Indiana's Chief Justice's comments that "[w]e knew how to be tough on drugs, [n]ow we need to be smart." *See* Appellant's Reply Br. pp. 6-7. While we do not disagree that that drug abuse disorder is serious, we decline to use these bases to find an abuse of discretion in sentencing.

molesting, a Class C felony, and violated his probation by committing the new offense of residing within 1,000 feet of a public park and youth program center.[4] Accordingly, the trial court ordered the defendant to serve the remaining portion of his suspended sentence—two years and two-hundred and sixty-six days—in the DOC.

> [The defendant] was sixty-nine years old and suffering from serious health issues, including terminal cancer; he was attempting to adhere to his probation conditions, as evidenced by his going to the sheriff's office to register his new address; . . . and, last, [the defendant] served time in prison for a crime that was later vacated as violative of our constitutional ex post facto provision.

*Ripps,* 968 N.E.2d at 328.

[11] Evol's case is distinguishable. Evol has not demonstrated the same level of commitment to adhering to her probation. Evol tested positive for methamphetamine eight times in two months. Moreover, Evol, at forty-three years old, has been given many chances in the past to conform her behavior. Evol's criminal history includes many crimes of dishonesty, such as conversion, theft, and check deception as well as two probation violations in other cause numbers.

---

[4] The statute codifying this offense was found to be unconstitutional as applied in *State v. Pollard,* 908 N.E.2d 1145 (Ind. 2009). The terms of the defendant's probation separately included that he was prohibited from living within 1,000 feet of a public park or youth program center. The State, however, only filed a probation violation for committing a new criminal offense and not independently for the residential violation.

[12]    Next, Evol points to a series of Indiana Supreme Court cases to support her arguments that the legislature and the Indiana Supreme Court "are sending a clear message to trial courts that non-violent offenders suffering from addiction should remain in the community." Appellant's Br. p. 11. In *Livingston v. State,* 113 N.E.3d 611 (Ind. 2018), our Supreme Court found a "rare and exceptional case" when the defendant, after committing several drug offenses: (1) pleaded guilty without a plea agreement; (2) voluntarily placed herself in a county community corrections program; (3) used her own money and donations to start a home for women recovering from addiction; and (4) reported twice a week and took random drug screens which were all negative. *Livingston,* 113 N.E.3d at 612. In *Hoak v. State,* 113 N.E.3d 1209 (Ind. 2018), our Supreme Court remanded the sentence of the defendant to the trial court, to determine if the defendant "[was] eligible for substance abuse treatment in a Community Corrections placement," when the defendant had received no court-ordered substance abuse treatment. *Hoak,* 113 N.E.3d at 1209.

[13]    These cases, again, are distinguishable from Evol's case.[5] Despite Evol's arguments, we do not read our Supreme Court's opinions to stand for the broad proposition that no drug user should be placed in the DOC for violating probation merely because he or she is nonviolent. Evol has failed to

---

[5] Evol concedes in her brief that she is "not comparing herself personally to [the defendant in *Livingston*] who obtained many positive accomplishments prior to her sentencing," and "because [she] has received drug treatment through the purposeful incarceration program she is not comparing herself personally to [the defendant in *Hoak*] who had never received treatment." Appellant's Br. p. 11.

demonstrate that the trial court abused its discretion in ordering the remainder of her sentence to be served at the DOC.

## Conclusion

[14] Evol has not demonstrated that the trial court abused its discretion by ordering the remainder of her sentence to be served at the DOC after Evol violated her probation. We affirm.

[15] Affirmed.

Najam, J., and Vaidik, J., concur.