## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 13 2020, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald J. Frew
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher L. Hodges,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 13, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2769<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Trial Court Cause Nos.<br>02D05-1907-F6-794<br>02D05-1908-F6-955 |

**Bailey, Judge.**

# Case Summary

[1] Christopher L. Hodges ("Hodges") pleaded guilty to eight offenses—six felonies and two misdemeanors. The plea was taken under advisement while Hodges participated in a Drug Court Program. After Hodges violated the rules of the program, the court imposed an aggregate executed sentence of three years. Hodges now appeals, arguing that his sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] On June 25, 2019, the Fort Wayne Police Department received a report that a male with a backpack kept falling while pushing a bicycle. Law enforcement spoke with the male, who gave the name of Joshua Seale. Further investigation revealed that the male was Hodges and that Hodges had two outstanding warrants for his arrest. Hodges was arrested. Law enforcement searched Hodges's backpack, which contained methamphetamine and fentanyl. The State charged Hodges with (1) Possession of Cocaine or Narcotic Drug, as a Level 6 felony;[1] (2) Possession of Methamphetamine, as a Level 6 felony;[2] and (3) False Informing, as a Class B misdemeanor.[3] Hodges was released on bond.

---

[1] Ind. Code § 35-48-4-6(a).

[2] I.C. § 35-48-4-6.1(a).

[3] I.C. § 35-44.1-2-3(d)(1).

[3] On July 30, 2019, the Fort Wayne Police Department responded to a reported theft. The suspect—Hodges—had reportedly placed merchandise in bags in his shopping cart and gone through the checkout process without paying for the concealed items. Hodges was arrested. Law enforcement searched his pockets and bags, finding methamphetamine, fentanyl, a glass pipe, and a syringe. In a new cause, the State charged Hodges with (1) Possession of Methamphetamine, as a Level 6 felony;[4] (2) Possession of Cocaine or Narcotic Drug, as a Level 6 felony;[5] (3) Possession of Syringe, as a Level 6 felony;[6] (4) Theft, as a Level 6 felony;[7] and (5) Possession of Paraphernalia, as a Class C misdemeanor.[8]

[4] Hodges reached an agreement with the State regarding participation in a Drug Court Program. Under the terms of the agreement, Hodges would plead guilty to all eight counts and would participate in services, including treatment for addiction. If Hodges successfully completed all program requirements, the State would move to dismiss the charges. Hodges pleaded guilty. The court took the plea under advisement and placed Hodges in the Drug Court Program.

[5] In September 2019, a petition was filed to terminate Hodges's participation in the program. The petition alleged that Hodges violated program requirements

---

[4] I.C. § 35-48-4-6.1(a).

[5] I.C. § 35-48-4-6(a).

[6] I.C. § 16-42-19-18(a).

[7] I.C. § 35-43-4-2(a)(1)(c).

[8] I.C. § 35-48-4-8.3(b)(1).

because he was unsuccessfully discharged from treatment, failed to appear in court, was arrested, and failed to notify his case manager of the arrest. The trial court determined that Hodges was non-compliant. The court revoked Hodges's placement in the Drug Court Program and scheduled a sentencing hearing.

[6] At the sentencing hearing, Hodges apologized for "wasting the opportunity" he was given. Tr. at 6. He said, "I really wish I could do it all over again." *Id.* In fashioning a sentence, the trial court found that the decision to plead guilty and the expression of remorse were mitigating circumstances. As for aggravating circumstances, the court looked to Hodges's criminal history. As a juvenile, Hodges had been committed to the Allen County Juvenile Center. As an adult, Hodges had four misdemeanor convictions and one felony conviction. The court noted that Hodges had received "the benefit of shorter jail sentences, longer jail sentences, active adult probation, services with Criminal Division Services, the Alcohol Countermeasures Program, time through Allen County Community Corrections, [and] treatment at Caring About People." *Id.* at 8. The trial court told Hodges, "You've been on home detention, you've been through Restoration Court, you've been in multiple halfway houses, active adult probation, and ultimately, the Drug Court Program." *Id.*

[7] The trial court entered judgments of conviction on the eight counts. As to the three counts in the first cause, the trial court imposed concurrent executed sentences—1.5 years for each Level 6 felony and 180 days for the Class B misdemeanor. As to the five counts in the second cause, the court also imposed concurrent executed sentences—1.5 years for each Level 6 felony and 60 days

for the Class C misdemeanor. The trial court ordered the sentences in the second cause to run consecutive to the sentences in the first cause, resulting in an aggregate sentence of three years in the Indiana Department of Correction.

[8] Hodges now brings this consolidated appeal.

# Discussion and Decision

[9] Under Appellate Rule 7(B), an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Appellate review should "focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). In reviewing a sentence, we are not assessing whether a different sentence would be more appropriate. *See Helsley v. State*, 43 N.E.3d 225, 228 (Ind. 2015). Rather, we are assessing whether the imposed sentence is inappropriate. *See id.* Moreover, as "sentencing is principally a discretionary function," *Cardwell*, 895 N.E.2d at 1222, we give considerable deference to the court's decision, *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). That deference "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples

of good character).” *Id.* Ultimately, sentence revision is appropriate only in "exceptional cases." *Livingston v. State*, 113 N.E.3d 611, 613 (Ind. 2018).

[10] Regarding the instant offenses, the sentences are authorized by statute. *See* I.C. § 35-50-2-7 (providing a sentencing range of six months to two-and-one-half years for a Level 6 felony, with an advisory of one year); I.C. § 35-50-3-3 (allowing a sentence of up to 180 days for a Class B misdemeanor); I.C. § 35-50-3-4 (allowing a sentence of up to 60 days for a Class C misdemeanor); I.C. § 35-50-1-2(e) (requiring a court to impose consecutive sentences between causes when a person has committed another crime while released on bond).

[11] As to the nature of the offenses, Hodges possessed contraband on two occasions. On the first occasion, Hodges struggled to walk and gave a false name to law enforcement. On the second occasion—while released on bond—Hodges did not pay for concealed merchandise. According to Hodges, the overall nature of these offenses indicates that he struggles with addiction. We agree with Hodges. However, we discern nothing remarkable about the criminal conduct itself that warrants revising the sentence chosen by the court.

[12] As to the character of the offender, Hodges acknowledges that he has a "concerning" criminal history, including a "history of setbacks, unsuccessful program compliance, and arrests for new offenses." Br. of Appellant at 18. Hodges points out that he expressed remorse at sentencing. He notes that he was candid during his Presentence Investigation, admitting to daily use of heroin, fentanyl, and methamphetamine prior to his incarceration. Hodges also

points out that, despite his criminal history and struggles with addiction, his risk-assessment score put him in only the moderate risk category to reoffend.

[13] In seeking sentence revision, Hodges ultimately suggests that "a different balance of executed time and probationary supervision thereafter might make more sense [for] someone who is struggling with such a severe addiction." *Id.*

[14] We are mindful that Hodges has struggled with addiction. The trial court was also mindful of those struggles, as it gave Hodges the opportunity to avoid eight convictions by participating in the Drug Court Program. However, Hodges was non-compliant. Moreover, although Hodges suggests that his sentence should include time on probation, we note that Hodges has received lenient sentences in the past—including the opportunity to participate in services. Yet, Hodges has not managed to conform his behavior to comply with the law.

[15] Having reviewed the matter, we cannot say that the sentence is inappropriate.

[16] Affirmed.

Crone, J., and Altice, J., concur.