


FILED

Jul 06 2020, 2:15 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 20S-CR-451

## Brittany Nicole Mullins,

*Appellant-Defendant,*

–v–

## State of Indiana,

*Appellee-Plaintiff.*

Decided: July 6, 2020

Appeal from the Tippecanoe Superior Court
Nos. 79D02-1808-F4-34 and 79D02-1904-F2-18
The Honorable Steven P. Meyer, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 19A-CR-1993

**Per Curiam Opinion**

Chief Justice Rush and Justices David, Massa, and Goff concur.
Justice Slaughter dissents, believing transfer should be denied.

**Per Curiam.**

Though the trial court did not abuse its discretion when sentencing Brittany Mullins for her drug-related offenses, we exercise our constitutional authority to revise her aggregate sentence down to 18 years.

Over two weeks in August 2018, undercover law enforcement conducted four controlled buys of methamphetamine from Mullins and another individual. During a traffic stop eight days later, police found meth and drug paraphernalia in Mullins's possession. Mullins readily admitted that the drugs were hers and that she was dealing.

Mullins pleaded guilty to one count of Level 2 felony conspiracy to deal meth and two counts of Level 2 felony dealing meth in the controlled buys case, 79D02-1904-F2-18, and one count of Level 4 felony dealing meth in the traffic stop case, 79D02-1808-F4-34. The open plea left the length of the sentences and whether they would be served concurrently or consecutively to the discretion of the trial court.

Mullins was sentenced in both cases after a joint sentencing hearing. For the controlled buys, Mullins was sentenced to 18 years—16 years executed and 2 years suspended—on each of the three counts, with the sentences run concurrently. For the count resulting from the traffic stop, Mullins was sentenced to 6½ years—4 years executed and 2½ years suspended—ordered consecutive to her other sentences, for an aggregate of 24½ years.

We agree with the Court of Appeals that the trial court did not abuse its discretion when sentencing Mullins. But even when there is no abuse of discretion, Article 7, Section 4 of the Indiana Constitution authorizes us to review and revise criminal sentences. *Livingston v. State*, 113 N.E.3d 611, 613–14 (Ind. 2018). We have implemented this authority through Appellate Rule 7(B), which allows for revision when a sentence is "inappropriate in light of the nature of the offense and the character of the offender." We reserve 7(B) authority for exceptional cases, and its exercise "boils down to our collective sense of what is appropriate." *Faith v. State*, 131 N.E.3d 158, 160 (Ind. 2019) (quoting *Taylor v. State*, 86 N.E.3d 157, 165 (Ind. 2017)).

Here, Mullins was relatively young—21 years old when she was arrested for these crimes. Mullins's childhood was difficult. She was exposed to a culture of drug use and dealing at a young age and began using illegal drugs at 14, when a relative forcibly injected her with heroin. Mullins was also physically and sexually abused from a very young age. At 17, she spent a short time in a treatment center for mental health, substance abuse, and addiction issues.

Mullins married at 18. Shortly thereafter, she and her husband became homeless, often staying temporarily with acquaintances from the drug scene. During that time, she continued to be the victim of physical and sexual abuse. Mullins has been diagnosed with significant mental health issues that have gone largely untreated. Mullins's criminal history is not violent and includes two previous drug-possession convictions and an outstanding warrant for auto theft from early 2016.

In Mullins's circumstances, her 24½-year aggregate sentence is inappropriate. Accordingly, we order that Mullins's 6½-year sentence in case 79D02-1808-F4-34 be served concurrent with her sentences in case 79D02-1904-F2-18 for an aggregate sentence of 18 years. We remand to the trial court to issue a revised sentencing order consistent with this opinion.


Rush, C.J., and David, Massa, and Goff, JJ., concur.
Slaughter, J., dissents, believing transfer should be denied.


ATTORNEY FOR APPELLANT
Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana