## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 23 2020, 9:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Joel M. Schumm | Curtis T. Hill, Jr. |
| Indianapolis, Indiana | Attorney General of Indiana |
| | Sierra A. Murray |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cornelius Crawford, | December 23, 2020 |
| *Appellant-Defendant,* | Court of Appeals Case No. 20A-CR-1324 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Barbara Crawford, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 49G01-2002-F5-5239 |

**Pyle, Judge.**

# Statement of the Case

Cornelius Crawford ("Crawford") appeals his sentence following his guilty plea to Level 5 felony battery resulting in bodily injury to a person less than fourteen years of age[1] and Level 5 felony battery by bodily injury to a public safety official.[2] Crawford argues that: (1) remand is required to correct the sentencing order and abstract of judgment because the oral and written sentencing statements conflict; and (2) his sentence is inappropriate in light of the nature of his offense and his character. We conclude that remand is necessary to correct the sentencing order and that Crawford has failed to show that his sentence is inappropriate. Therefore, we affirm his sentence and remand with instructions.

We affirm and remand with instructions.

# Issues

1. Whether this case should be remanded to correct the sentencing order and abstract of judgment.

2. Whether Crawford's sentence is inappropriate.

---

[1] IND. CODE § 35-42-2-1.

[2] I.C. § 35-42-2-1.

# Facts

In February 2020, the State charged Crawford with the following five counts: (1) Level 5 felony battery resulting in injury to a person less than fourteen years of age; (2) Level 5 felony battery resulting in bodily injury to a public safety official; (3) Level 6 felony domestic battery; (4) Level 6 felony strangulation; and (5) Class A misdemeanor resisting law enforcement.

In June 2020, the trial court held a combined guilty plea and sentencing hearing, wherein Crawford pled guilty to the two Level 5 felonies. In exchange for his plea, the State agreed to dismiss the remaining charges. Pursuant to the terms of the plea agreement, Crawford and the State agreed that Crawford would receive a four-year sentence for Count 1 and a consecutive one-year sentence for Count 2. The agreement left placement "open to argument." (App. Vol. 2 at 63).

The trial court asked for a factual basis for the plea agreement, and the State provided the following basis:

> If this matter proceeded to trial, the State of Indiana would have proven beyond a reasonable doubt that on or about February 4th, 2020, Cornelius Crawford, a person at least eighteen years of age, did knowingly touch M.T., a person under the age of fourteen, in a rude, insolent or angry manner, by grabbing M.T., resulting in bodily injury, that is: pain. Count II, on or about February 4th, 2020, Cornelius Crawford did knowingly touch J.D., a public safety officer in a rude, insolent, or angry manner, by kicking J.D., while said officer was engaged in the execution of his official duties, resulting in bodily injury, that is: a red mark and/or pain. Furthermore, on or about February 4th, 2020, I.M.P.D. officers were dispatched to an address on Bolton Court regarding a

domestic disturbance. Officers knocked on the door and A.T.[] opened the door. A male later identified as Cornelius Crawford was standing behind Ms. T. Officers asked if anyone had called the police and Cornelius Crawford said, "No." After noticing that Ms. T.[] was trying to say – she was trying to quietly say something, officers told Mr. Crawford to step outside and another officer went inside with Ms. T. Ms. T.[] stated that Mr. Crawford got upset with her seven year old son, M.T.[] because he was playing loud music and dancing. Mr. Crawford put his open hand around M.T.'s neck and applied pressure and Mr. Crawford held him down on the living room couch. M.T.[] later told officers that Mr. Crawford hurt him while he held him down on the couch and squeezed his neck. Officers placed Mr. Crawford under arrest without incident. As officers began walking Mr. Crawford away from the apartment, he kicked the door of the apartment open and said he wanted to kiss the kids goodbye. M.T.[] began to run away. Mr. Crawford then kicked Officer D., causing pain and redness to his shin. Officers were eventually able to gain control of Mr. Crawford, all of which occurred in Marion County and all of which is contrary to the laws of the State of Indiana.

(Tr. 14-15). Crawford agreed that the factual basis was true and accurate, and the trial court entered judgments of conviction for both counts.

[6] Thereafter, Crawford testified about his criminal history, substance abuse, and mental health issues. Crawford explained that his criminal history included two misdemeanor disorderly conduct convictions from Indiana and Pennsylvania and one misdemeanor driving under the influence conviction from Ohio. When asked whether he was under the influence of alcohol when he committed the offenses, Crawford responded "[v]ery much so, yes." (Tr. 19). Crawford also informed the court that he had recently been diagnosed with schizophrenia and that he had been undergoing treatment for his mental health and alcohol issues prior to the instant case.

[7] The trial court then heard argument from Crawford's counsel, who argued that Crawford's sentence should be served on probation. The State requested that "at least some time be served in the Department of Correction[]." (Tr. 24). The trial court sentenced Crawford as follows:

> [F]our years on Count I. That sentence will be served as follows: Two years will be executed . . . [in] the Indiana Department of Correction[] and two years will be on probation. Under Count II, which is to run consecutive to Count I, you will serve a sentence of one year. That one[-]year sentence will be suspended and be on probation. So, you will have two years in the Department of Correction[] and three years on probation.

(Tr. 25). As part of his sentence, the trial court ordered that Crawford complete a domestic violence counseling program and a substance abuse evaluation and any recommended treatment. The trial court also found that Crawford had served 135 actual days and was entitled to forty-five (45) days of good time credit, for a total of 180 days of credit time.

[8] Following the sentencing hearing, the trial court issued its written sentencing order. In the order, the court stated that Crawford had been sentenced to four (4) years with two (2) years suspended for Count 1. For Count 2, the order stated that Crawford had been sentenced to 365 days with 185 days suspended. Crawford now appeals.

# Decision

Crawford argues that: (1) remand is necessary to correct the written sentencing statements; and (2) his sentence is inappropriate. We address each of his contentions in turn.

**1. Remand**

Crawford contends, and the State agrees, that remand is necessary to correct the written sentencing order and the abstract of judgment.[3] Specifically, Crawford argues that the trial court intended to sentence him under Count 2 to a one-year sentence suspended to probation. However, the sentencing order states that only 185 days were suspended.

When oral and written sentencing statements conflict, we examine them together to discern the intent of the sentencing court. *Walker v. State*, 932 N.E.2d 733, 738 (Ind. Ct. App. 2010), *reh'g denied*. We may remand the case for correction of clerical errors if the trial court's intent is unambiguous. *See Willey v. State*, 712 N.E.2d 434, 445 n.8 (Ind. 1999) ("Based on the unambiguous nature of the trial court's oral sentencing pronouncement, we conclude that the Abstract of Judgment and Sentencing Order contain clerical errors and remand this case for correction of those errors.").

Here, the oral sentencing statement is clear that the trial court intended to sentence Crawford to one-year suspended to probation for Count 2. Indeed, the

---

[3] Crawford did not include a copy of his abstract of judgment in his appellate appendix.

trial court stated that the "one[-]year sentence will be suspended and be on probation." (Tr. 25). Despite this oral statement, the trial court's written sentencing order suspends only 185 days of the one-year sentence. Accordingly, based upon the unambiguous nature of the trial court's oral sentencing pronouncement, we remand this case to the trial court with instructions to correct the sentencing order to reflect its oral sentencing statement and to enter a new sentencing order, abstract of judgment, and CCS entry to reflect a one-year sentence suspended to probation for Count 2.

## 2. Inappropriate Sentence

[13] Crawford also contends that his sentence is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "Appellate Rule 7(B) analysis is not to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (internal quotation marks and citation omitted), *reh'g denied*.

Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224. Our authority for sentence modification under Rule 7(B) is reserved for "a rare and exceptional case." *Livingston v. State*, 113 N.E.3d 611, 612 (Ind. 2018).

[14] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the General Assembly has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. Here, Crawford pled guilty to Level 5 felony battery resulting in bodily injury to a person less than fourteen years of age and Level 5 felony battery by bodily injury to a public safety official. The sentencing range for a Level 5 felony is "for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." I.C. § 35-50-2-6(b). The trial court sentenced Crawford, pursuant to his plea agreement, to an aggregate five-year sentence.

[15] Turning to the nature of Crawford's offenses, this Court has recognized that the nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation. *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). Here, Crawford, who was thirty-six-years-old at the time, committed two violent offenses: one against a seven-year-old child and the other against a public safety official. Against the seven-year-old child, Crawford placed his open hand around the child's neck, applied pressure, and held him down on the living room couch simply because he was playing music and dancing. Thereafter, Crawford kicked a public safety official.

[16] Turning to Crawford's character, we acknowledge that he suffers from mental health and substance abuse issues. However, Crawford does have a criminal history. He has three prior misdemeanor convictions in three different states, which reflect poorly on his character. *See Moss v. State*, 13 N.E.3d 440, 448 (Ind. Ct. App. 2014) (holding that even a minor criminal record reflects poorly on a defendant's character), *trans. denied*. Crawford's criminal history shows that he has an inability or unwillingness to conform his behavior to the rule of law.

[17] Crawford has not persuaded us that the nature of his offenses and his character make his five-year aggregate sentence inappropriate. Therefore, we affirm the sentence imposed by the trial court.

[18] Affirmed and remanded.

Vaidik, J., and Brown, J., concur.