## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 12 2020, 9:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Zachary A. Witte
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Sierra A. Murray
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Colt M. Bowling, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 12, 2020 <br><br> Court of Appeals Case No. 19A-CR-2566 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause Nos. 02D05-1905-F6-553 02D05-1906-F6-715 |

**Mathias, Judge.**

[1] Colt M. Bowling pleaded guilty to charges under two separate causes and was sentenced by the Allen Superior Court to an aggregate term of four years in the Department of Correction ("DOC"). In this consolidated appeal, Bowling claims that his sentence is inappropriate in light of the nature of his offenses and his character as an offender.

[2] We affirm.

## Facts and Procedural History

[3] Bowling was arrested for criminal trespass on May 7, 2019, because he was present in a Walmart after having been banned by the company from all Walmart stores in 2018. During a search incident to Bowling's arrest, law enforcement discovered in his backpack .7 gram of methamphetamine, 1.1 grams of marijuana, a rolled marijuana cigarette, and a glass pipe that contained methamphetamine residue. On May 10, the State charged Bowling in Cause No. 02D05-1905-F6-553 ("F6-553") with Level 6 felony possession of methamphetamine; Class A misdemeanor criminal trespass; Class B misdemeanor possession of marijuana; and Class C misdemeanor possession of paraphernalia. Bowling was released on bond on June 8.

[4] On June 12, Bowling was arrested after unlawfully entering a Motel 6 that was closed for renovation. Fort Wayne Police Department Officer C. Lichtsinn (coincidentally, the same officer who had arrested Bowling at Walmart the month before) believed that Bowling was under the influence of an illegal substance because Bowling was "extremely paranoid" and "sweating

profusely." Appellant's Conf. App. p. 185. Bowling admitted that he dropped a bag of methamphetamine on the ground outside the Motel 6, and Officer Lichtsinn recovered a bag nearby that contained .3 gram of methamphetamine. A search of Bowling's pockets uncovered a glass methamphetamine pipe and .3 gram of marijuana. The State charged Bowling on June 17 with Level 6 felony possession of methamphetamine; Class B misdemeanor possession of marijuana; and Class C misdemeanor possession of paraphernalia in Cause No. 02D05-1906-F6-715 ("F6-715").

[5] On July 22, 2019, Bowling entered guilty pleas on all charges under both causes and was accepted into the Allen County Drug Court Diversion Program; his case was continued for sentencing as part of the diversion program agreement. He entered Park Center's Addiction Residential Unit on July 23 but left one week later and did not return or maintain contact with this case manager. The trial court issued a warrant for his arrest after Bowling failed to appear at an August 5 hearing. Bowling was terminated from the diversion program on September 24.

[6] Bowling appeared for a sentencing hearing for both causes on October 22, 2019. The trial court found as aggravating circumstances Bowling's criminal history; his unsuccessful attempts at rehabilitation; a pending charge against him of child molesting; and the fact that he was on bond in cause F6-553 when he committed the offenses in cause F6-715. The trial court credited Bowling's acceptance of responsibility in pleading guilty and his expression of remorse as mitigating circumstances.

[7] In cause F6-553, Bowling received the following sentences: two years for methamphetamine possession, one year for criminal trespass, 180 days for marijuana possession, and 60 days for possession of paraphernalia. These sentences were to run concurrently, for an aggregate term of two years. In cause F6-715, Bowling received two years for methamphetamine possession, 180 days for marijuana possession, and 60 days for possession of paraphernalia, also to be served concurrently for an aggregate term of two years. The trial court ordered these two-year terms to be served consecutively, for a total of four years in the DOC. Bowling now appeals.

## Discussion and Decision

[8] Bowling asks that we review and revise his sentence pursuant to Appellate Rule 7(B),[1] which states that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [this] Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We also defer to a trial court's sentencing decision in recognition of the unique perspective the trial court brings to sentencing decisions. *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). In light of this due deference, we will not revise a sentence in the absence of compelling evidence

---

[1] Bowling challenges only the two-year sentences imposed for his Level 6 felony convictions and does not address the appropriateness of the sentences imposed for his misdemeanor convictions. Our review, however, is not limited "merely [because a defendant] challeng[es] an individual sentence within a single order that includes multiple sentences." *Moyer v. State*, 83 N.E.3d 136, 140 (Ind. Ct. App. 2017), *trans. denied*. Thus, our review will also consider the appropriateness of the concurrent sentences imposed for Bowling's misdemeanor convictions.

that portrays in a positive light the nature of the offense and the defendant's character. *Id.* Furthermore, we do not probe whether the defendant's sentence is appropriate or if another sentence might be more appropriate; rather, the test is whether the sentence imposed is inappropriate. *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2008). Thus, revision under Rule 7(B) is proper only in "exceptional cases." *Livingston v. State*, 113 N.E.3d 611, 613 (Ind. 2018). It is the defendant's burden to persuade the Court that his sentence meets the inappropriateness standard. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007).

[9] "A person who . . . knowingly or intentionally possesses methamphetamine (pure or unadulterated) commits possession of methamphetamine, a level 6 felony[.]" Ind. Code § 35-48-4-6.1. The sentencing range for a Level 6 felony is between six months and two and one-half years, with the advisory sentence being one year. I.C. § 35-50-2-7(b). The severity of the offense is heightened where the amount of methamphetamine possessed surpasses a certain point. I.C. § 35-48-4-6.1. In considering the nature of an offense, the advisory sentence as deemed appropriate by the legislature is our starting point. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). Where a sentence deviates from an advisory sentence, we consider whether there is anything more or less egregious about the offense as committed by the defendant that "makes it different from the 'typical' offense accounted for by the legislature when it set the advisory sentence." *Holloway v. State*, 950 N.E.2d 803, 807 (Ind. Ct. App. 2011).

[10] Bowling was sentenced to two years for Level 6 felony methamphetamine possession and received the maximum sentences permitted for each of his

misdemeanor convictions. *See* I.C. §§ 35-50-3-2 through 4. We agree with Bowling that there is little in the record indicating that the egregious nature of his methamphetamine possession offenses warrants a sentence above the advisory sentence. Bowling possessed very small amounts of methamphetamine and was cooperative when he was arrested. *See* Appellant's App. pp. 92, 170.

[11] Bowling, however, committed the June 12 offenses in cause F6-715 while he was out on bond in cause F6-553. Under these circumstances, Indiana Code section 35-50-1-2(e) requires trial courts to order that multiple terms of imprisonment be served consecutively. ("If, after being arrested for one (1) crime, a person commits another crime. . . while the person is released. . . on bond[,] the terms of imprisonment for the crimes shall be served consecutively[.]") Accordingly, it was not inappropriate for the trial court to order each two-year sentence served consecutively, based on the back-to-back nature of Bowling's Level 6 felony offenses.

[12] Bowling also argues that his sentence is inappropriate in light of his character as an offender. In assessing a defendant's character, we engage in a broad consideration of his qualities. *Aslinger v. State*, 2 N.E.3d 84, 95 (Ind. Ct. App. 2014). This consideration may include not only the aggravating and mitigating circumstances identified by the trial court, but also any other factors that appear in the record. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). One relevant factor is an offender's criminal history, the significance of which varies based on the gravity, nature, and number of prior offenses in relation to the current offenses. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007).

At the time of his sentencing, Bowling was twenty-five years old. Appellant's Conf. App. p. 172. His pre-sentence investigation report indicates that he began abusing drugs as a teenager. *Id*. at 180–81. Bowling's criminal history includes convictions for burglary and a number of misdemeanor offenses. *Id.* at 176–77. Despite being granted leniency in sentencing in prior cases, Bowling has had terms of probation and home detention revoked and appears to have made little progress in addressing his substance abuse issues. In the instant case, too, Bowling was afforded the opportunity to participate in a drug court diversion program but abandoned the program after one week. Bowling's criminal history and his failure to participate in rehabilitation services to completion does not reflect well on his character. More troubling is the fact that, at the time of his sentencing, Bowling faced a pending charge of child molestation as a Level 4 felony. Accordingly, based on our review of Bowling's character as an offender, it was not inappropriate for the trial court to impose sentences above the statutory advisory sentences to be served consecutively.

# Conclusion

Bowling has not met the burden of demonstrating that his sentence is inappropriate in light of the nature of his offenses and his character as an offender, such that it warrants revision under Appellate Rule 7(B). For this reason, we hold that Bowling's four-year sentence is not inappropriate.

Affirmed.

Riley, J., and Tavitas, J., concur.